**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AHMADI JAVID** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-329-JWD-RLB** |
| **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT** | |

**<u>RULING AND ORDER</u>**

Petitioner, Ahmadi Javid (Petitioner), has filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 challenging as unlawful his ongoing detention in the custody of U.S. Immigration and Customs Enforcement (ICE). The Court has reviewed the parties' filings and the A-File, as well as the applicable law. Petitioner's habeas case is materially indistinguishable from this Court's prior decisions granting habeas relief to noncitizens held in immigration detention without any legitimate purpose and with no end in sight. *See Rodriguez Romero v. Ladwig*, 827 F. Supp. 3d 779 (M.D. La. 2026); *Dominguez Fernandez v. Acuna*, No. 26-cv-375, 2026 WL 2546662 (M.D. La. Aug. 27, 2026); *Omorodion v. Noem*, No. 26-cv-72, 2026 WL 2323240 (M.D. La. Aug. 11, 2026); *Martinez Rico v. U.S. ICE*, No. 25-cv-990, 2026 WL 2069779 (M.D. La. July 16, 2026); *Omar v. U.S. ICE*, No. 26-cv-443, 2026 WL 1663009 (M.D. La. May 29, 2026). Therefore, as explained below, the Court finds this Petitioner is likewise entitled to habeas relief.[1]

Petitioner is a citizen of Afghanistan. (Doc. 12-1 at 1). He entered the United States without inspection on October 10, 2023 and was immediately detain by Customs and Border Protection (CBP). (Doc. 12-1 at 21). But CBP released Petitioner on his own recognizance just days later, on

[1] This Court previously explained the applicable law in a detailed opinion, *Rodriguez Romero v. Ladwig*, 827 F. Supp. 3d 779 (M.D. La. 2026), which is incorporated here by reference.

October 13, 2023, after determining he did not pose a "threat" to "national security" or "public safety." (Doc. 12-1 at 22-23); (Doc. 12-2 at 44). He remained free, living in the United States until May 13, 2025, when ICE arrested Petitioner at his Maryland home during a targeted operation. (Doc. 12-3 at 5, 29, 46). He was transferred to Louisiana and placed in removal proceedings.

Despite his expressed fear of returning to his native Afghanistan (Doc. 12-3 at 30), an immigration judge ordered that he be removed from the United States to Afghanistan on September 22, 2025 (Doc. 12-5 at 28-30). Petitioner remains in custody to this day—roughly 16 months. (Doc. 12-3 at 5) (detained May 13, 2025). And nearly 12 of those months have been post removal order. (Doc. 12-5 at 28-30) (September 22, 2025 Removal Order). This is the case despite ICE learning on March 10, 2026—6 months after his Removal Order—that "all removals to Afghanistan have been cancelled." (SDDO McCullough, Doc. 13-1 at 2). Since then, ICE has "not received updated information on Petitioner's removal to Afghanistan." (SDDO McCullough, Doc. 13-1 at 2).

"[T]he Government has significant discretion to enforce the immigration laws and to revoke an Order of Supervision. However, the Government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Omar v. U.S. ICE*, No. 26-cv-443, 2026 WL 1663009, at *4 (M.D. La. May 29, 2026) (internal citations omitted). This is especially so where noncitizens, like Petitioner, have an "overwhelming liberty interest in their continued release." *Rodriguez Romero v. Ladwig*, 827 F. Supp. 3d 779, 801 (M.D. La. 2026) (internal citations omitted).

Here, ICE has detained Petitioner in ostensibly civil immigration detention for 16 months—nearly 12 of which have been post-Removal Order—based on an abstract possibility of removing him to Afghanistan (or some not-yet identified third country), at some unspecified time

in the future. (Doc. 13). Because Petitioner is in post-removal order detention, the Court applies the 6-month presumptively reasonable period and burden-shifting analysis established in *Zadvydas v. Davis*, 533 U.S. 678, 699, 701 (2001) (detention longer than six months is constitutionally suspect; when removal is not reasonably foreseeable, detention is no longer lawful); *see also Rodriguez Romero*, 827 F. Supp. 3d at 804 ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits. . . . Rather, habeas courts have the duty to ask whether detention has exceeded a period reasonably necessary to secure removal.") (internal citations omitted).

At the outset, the record establishes that Petitioner's detention well exceeds the 6-month period that *Zadvydas* found presumptively reasonable. In other words, Petitioner's ongoing detention is "constitutionally suspect" before we even consider the burden shifting analysis. *Rodriguez Romero*, 827 F. Supp. 3d at 802.

Turning to that analysis, Petitioner bears the initial burden to show "good reason" why his removal is not reasonably foreseeable. *Zadvydas*, 533 U.S. at 701. He easily meets that burden given the length of his detention and the cancellation of removals to Afghanistan. *See Samir v. Wolf*, No. 25-cv-1397, 2026 WL 817240, at *2 (W.D. La. Mar. 2, 2026) ("Samir has satisfied his initial burden . . . . He has been detained by the Government for more than 12 months . . . and the civil conflict in Afghanistan and genocide under Taliban rule make his removal highly unlikely."); *Yunsai v. Bondi*, No. 26-cv-129, 2026 WL 895627, at *2 (W.D. Tex. Mar. 30, 2026) (removal not reasonably foreseeable where "Afghanistan barred Afghanistan nationalists from traveling on valid or expired passports without an Afghanistan travel issued transportation letter" and "the United States currently has impediments to cooperating with Afghanistan to obtain these documents"); *Rahman Akin v. Rokosky*, No. 26-cv-2863, 2026 WL 2298886, at *6 (D. Ariz. July 22, 2026)

(recognizing that "numerous recent cases . . . have concluded the United States government has not been able to establish a likelihood of removal of a noncitizen to Afghanistan in the reasonably foreseeable future") (collecting cases).

The Government must therefore rebut Petitioner's presumption. To do so, the Government provides only the following:

> Respondents acknowledge that . . . all removals to Afghanistan have been cancelled, and that as of May 6, 2026, ERO New Orleans has not received updated information on Petitioner's removal to Afghanistan.
>
> However, *if circumstances change*, ICE will be prepared to move forward with Petitioner's removal.

(Resp., Doc. 13 at 7); (SDDO McCullough Decl., Doc. 13-1 at 2). Nothing more is provided. And the Court agrees with Petitioner—removal cannot be foreseeable where the Government is ready to move, but remains unable:

> The *Zadvydas* inquiry is not whether ICE would be ready to remove Mr. Ahmadi if facts changed at some unknown future date. The question is whether there is a significant likelihood of removal in the reasonably foreseeable future.

(Pet. Reply, Doc. 14 at 4-5).

What's more, the Government does not suggest when removals to Afghanistan might resume or that they have ever tried to remove Petitioner to a third country. Under the circumstances, Petitioner's removal is not even remotely foreseeable. *Cf. Villanueva v. Tate*, 801 F. Supp. 3d 689, 704 (S.D. Tex. 2025) ("But the government may not detain Villanueva for an indefinite and undetermined period of time while it tries to effect that removal when the circumstances are such that his removal is not reasonably likely in the foreseeable future."); *Martinez Rico v. U.S. ICE*, No. 25-cv-990, 2026 WL 2069779, at *4 (M.D. La. July 16, 2026) (relying on speculative nature of ICE agent's statement — that ICE "is still working to remove the petitioner to a third country"— in granting habeas relief and finding: "Nearly one year has passed

since ICE detained Martinez Rico . . . . Yet, ICE has made no meaningful progress in removing Martinez Rico.”).

As of this writing, Petitioner has been detained more than a year and counting. There appears to be no end in sight. Therefore, Petitioner’s detention well exceeds the six-month presumptively reasonable period that the Supreme Court recognized in *Zadvydas* and *Clark v. Martinez*, 543 U.S. 371, 386 (2005) (explaining that mere passage of time may suffice as reason for release when “Government ha[s] brought forward nothing to indicate that a substantial likelihood of removal subsists”).

Each day that Petitioner remains indefinitely detained, his constitutional right to liberty is severely restrained. *See Zadvydas*, 533 U.S. at 690 (2001) (“Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.” (*citing Foucha v. Louisiana*, 504 U.S. 71, 80 (1992))). And that harm is irreparable. *See Ventura Martinez v. Trump*, No. 25-cv-1445, 2025 WL 3124847, at *3 (W.D. La. Oct. 22, 2025) (“The erroneous deprivation of a [noncitizen]’s liberty, for even minimal periods of time, unquestionably constitutes irreparable injury.”) (internal citations omitted). Therefore,

**IT IS ORDERED** that the **Petition for Writ of Habeas Corpus** (Doc. 1) is **GRANTED** and Petitioner is entitled to release from ICE custody. Federal Respondents will release Petitioner within **24 hours** of this Ruling and Order, subject to reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that Federal Respondents shall, at least **4 hours prior** to Petitioner’s release, notify Petitioner's Counsel of the time and place of his release in order to facilitate travel.

**IT IS FURTHER ORDERED** that Federal Respondents will return to Petitioner all of his belongings, including any identifying documents, and provide him with a written copy of his Order of Supervision.

**IT IS FURTHER ORDERED** that Federal Respondents shall not re-detain Petitioner without due process of law, and in accordance with this Ruling and Order, the Due Process Clause of the Fifth Amendment to the U.S. Constitution, and ICE's own regulations.

Signed in Baton Rouge, Louisiana, on September 8, 2026.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**